IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

W. SCOTT McDONALD, )
Trustee of the McDonald Family Trust, )
)
Plaintiff, ) TC-MD 150203D
)
v. )
)
MULTNOMAH COUNTY ASSESSOR, )
)
Defendant. ) **FINAL DECISION OF DISMISSAL**

The court entered its Decision of Dismissal in the above-captioned matter on May 11,

2016. On May 25, 2016, the court received a letter from Plaintiff requesting that Plaintiff's case

"be revisited * * *." The court interprets Plaintiff's letter as a motion to reconsider its decision

to dismiss Plaintiff's appeal pursuant to Tax Court Rule (TCR) 60.

The Magistrate Division has a rule governing requests for reconsideration. Tax Court

Rule-Magistrate Division (TCR-MD) 18 C states:

> "Following issuance of a decision, final decision, or judgment, the court
> will not accept motions for reconsideration or to reopen the record; therefore, the
> provisions of TCR 80 are inapplicable in the Magistrate Division."

Accordingly, the court finds that Plaintiff's motion must be denied.

This Final Decision of Dismissal otherwise incorporates without change the court's

Decision of Dismissal, entered May 11, 2016. The court did not receive a statement of costs and

disbursements within 14 days after its Decision of Dismissal was entered. *See*

TCR-MD 16 C(1).

Plaintiff appeals the real market value of property identified as Account P348935 (subject

property) for the 2014-2015 tax year. A trial was held in the Oregon Tax Courtroom on May 5,

2016, in Salem, Oregon. W. Scott McDonald (Scott) appeared on behalf of Plaintiff. Scott and

Mary Caroline McDonald (Caroline) testified on behalf of Plaintiff.[1] Carlos Rasch appeared on behalf of Defendant. No Exhibits were received into evidence.

Prior to the start of the trial, Defendant made an oral motion to dismiss the complaint on two theories: first, Plaintiff was not the real party in interest and second, Plaintiff was not aggrieved. The court denied the motions because Presiding Magistrate Tanner had already ruled on similar motions in an order dated August 12, 2015, and there had been no subsequent change of law or facts.

## I. STATEMENT OF FACTS

The subject property is a floating home moored in the Willamette River. Scott testified that the subject property consists of 952 square feet and is almost 100 years old. The subject property is part of the Portland Rowing Club, which consists of a number of other floating homes. Scott testified that the property is occupied by a family member and not rented out. Scott testified that he attempted to engage three separate individuals to complete an appraisal of the subject property and none would give him an opinion of value. Scott testified that he intended to prove the value of the subject property by showing Defendant's appraisal was biased and inaccurate.

Caroline testified that she was present when the Defendant conducted its appraisal and she felt they did not investigate all of the defects in the subject property. Caroline testified that the subject property is in need of substantial repairs, including the roof, deck, heating system, stringers, and the logs which keep the house afloat. Caroline opined that the subject property was worth from $80,000 to $100,000. Caroline testified that she has no experience evaluating property values and did not review any comparable sales.

---

[1] It is the court's regular practice to identify individuals using their last name. In this case, there are two individuals with the same last name, and thus for the sake of clarity they will be identified using their first names.

At the conclusion of Plaintiff's case-in-chief, Defendant orally moved to dismiss the case for failure to present evidence of value. The court construed Defendant's motion as one under Tax Court Rule (TCR) 60 (regarding motions for dismissal at trial).

## II. ANALYSIS

TCR 60 states in pertinent part:

"Any party may move for a dismissal at the close of the evidence offered by an opponent or at the close of all the evidence. * * * A motion for dismissal shall state the specific grounds therefor. The judgment of the court granting a motion for dismissal shall be with prejudice."

The tax court has previously stated that "[i]n order to prevail on a motion for directed verdict pursuant to TCR 60, the moving party must demonstrate that the record contains no evidence to support the nonmoving party's claim or claims. The court will not weigh the evidence; rather, it will consider the entire record and afford the nonmoving party all reasonable inferences drawn therefrom, in the light most favorable to that party." *Freitag v. Dept. of Rev.*, 18 OTR 368, 373–74 (2005) (citations omitted).

In *Freitag*, the court found that other than an opinion of the ultimate value of the subject property, the taxpayer did not present any evidence of value. *Id.* at 369–70, 374. Instead, the taxpayer merely attacked the county's position. The court noted that "it is not enough for a taxpayer to criticize a county's position. Taxpayers must provide competent evidence of the [Real Market Value] of their property." *Id*. at 374 (quoting *Poddar v. Dept. of Rev*., 18 OTR 324, 332 (2005)).

Plaintiff offered no evidence of the real market value of the subject property other than Caroline's unsupported opinion of value. No exhibits were received into evidence, and the witnesses had not reviewed any data to base their opinion of value on. Plaintiff's argument was based solely on a criticism of Defendant's position.

During oral argument on Defendant's motion to dismiss, Scott stated that there was no basis upon which the court could determine the value of the subject property. The court agreed, and thus found it proper to dismiss the case pursuant to TCR 60. Now, therefore,

IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is dismissed.

IT IS FURTHER DECIDED that Plaintiff's motion for reconsideration is denied.

Dated this ___ day of June 2016.

RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Final Decision of Dismissal, file a complaint in the Regular Division of the Oregon Tax Court, by mailing to: 1163 State Street, Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within 60 days after the date of the Final Decision of Dismissal or this Final Decision of Dismissal cannot be changed. TCR-MD 19 B.*

*This document was filed and entered on June 1, 2016.*